**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **CAPITAL GRILLE HOLDINGS, INC.,** | |
| **Plaintiffs,** | |
| **v.** | **CASE NO. _____** |
| **HISTORIC HOTELS OF NASHVILLE, LLC,** | |
| **Defendant.** | |

## TRADEMARK INFRINGEMENT COMPLAINT

Plaintiff Capital Grille Holdings, Inc. ("CG Holdings") files this Complaint against Defendant Historic Hotels of Nashville, LLC ("HHN") and, in support thereof, alleges as follows:

## NATURE AND BASIS OF ACTION

1.      This action arises out of HHN's unauthorized use of CG Holdings' THE CAPITAL GRILLE word and design marks. Specifically, this action is for service mark infringement in violation of 15 U.S.C. § 1114(1), unfair competition in violation of 15 U.S.C. § 1125(a), trademark infringement and unfair competition in violation of the common law of Tennessee, and unfair and deceptive trade practices in violation of TENN. CODE ANN. § 47-18-104. CG Holdings seeks permanent injunctive relief, its costs and its reasonable attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

2.      CG Holdings is a corporation organized and existing under the laws of the state of North Carolina, with its principal place of business at 1000 Darden Center Drive, Orlando, Florida 32837.

1

3.     Upon information and belief, HHN is a limited liability company organized and existing under the laws of the State of Virginia and having its principal place of business at 231 6th Avenue North Nashville, Tennessee 37219.

4.     This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     This Court has supplemental jurisdiction over CG Holdings' common law claims pursuant to 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over HHN because HHN resides in this judicial district, has committed tortious acts within this judicial district, has operated business facilities and transacted business within this judicial district, has promoted and sold infringing services within this judicial district, or has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over HHN.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because HHN resides in this district, and a substantial part of the events giving rise to the claims in this Complaint have occurred and are continuing to occur in this judicial district.

## FACTUAL BACKGROUND

### I.     Plaintiff CG Holdings and Its THE CAPITAL GRILLE Marks

8.     Plaintiff CG Holdings is a subsidiary of Plaintiff Darden Corporation (collectively, "Darden"). Darden and its affiliated entities are a full-service restaurant group.

9.     The Darden family of restaurants, which includes The Capital Grille®, LongHorn Steakhouse®, The Olive Garden®, Bahama Breeze®, Seasons 52®, Eddie V's®, Cheddar's Scratch Kitchen®, and Yard House®, encompasses some of the most recognizable brands in the restaurant industry.

10.    The first The Capital Grille was opened in 1990 in Providence, Rhode Island. Darden acquired 28 operating The Capital Grille restaurants along with The Capital Grille brand from Rare Hospitality International Inc. in 2007.

11.    Today, Darden owns and operates more than 57 The Capital Grille restaurants in the United States, including one restaurant in Memphis, Tennessee, located at 6065 Poplar Avenue, Memphis, Tennessee 38119.

12.    Darden, its affiliates, and its predecessors have continuously and exclusively used its trademarks and service marks to promote The Capital Grille restaurants that include the phrase "THE CAPITAL GRILLE" in whole or in part (all marks consisting of the phrase "THE CAPITAL GRILLE" are collectively referred to as the "THE CAPITAL GRILLE Marks").

13.    Several of THE CAPITAL GRILLE Marks are the subject of United States trademark and service mark registrations owned by CG Holdings, including:

a.    Registration No. 1,644,015 for the design plus word mark THE CAPITAL G · R · I · L · L · E (stylized), registered May 7, 1991, for use in connection with "restaurant services" ("THE CAPITAL GRILLE & Design Mark");

b.    Registration No. 3,032,066 for the word mark THE CAPITAL GRILLE, registered December 20, 2005, for use in connection with "restaurant services"; and

c.    Registration No. 3,739,935 for the design plus word mark THE CAPITAL G · R · I · L · L · E (stylized), registered January 19, 2010, for use in connection with "restaurant services."

True and correct copies of these Certificates of Registration, including any applicable § 15 Affidavits showing that the registrations are incontestable, are attached collectively as **Exhibit 1**.

14.     CG Holdings' registrations are valid, subsisting, and in full force and effect.

15.     Darden, its affiliates, CG Holdings, and their predecessors also own common law rights in each of the foregoing THE CAPITAL GRILLE Marks for restaurant services and related goods and services. Darden, its affiliates, CG Holdings, and their predecessors have extensively and continuously used THE CAPITAL GRILLE Marks since at least as early as 1990.

16.     Darden, its affiliates, CG Holdings, and its predecessors have prominently used and promoted THE CAPITAL GRILLE Marks through extensive advertising, marketing, sale of goods, and the provision of services.

17.     As a result of Darden's, its affiliates', CG Holdings', and their predecessors' adoption, continuous use, and heavy promotion of THE CAPITAL GRILLE Marks, THE CAPITAL GRILLE Marks have become invaluable assets of CG Holdings, serving as a symbol of quality goods and services provided by Darden.

## II.     Darden Makes Plans to Open a New The Capital Grille in Nashville

18.     In 2016, Darden re-initiated researching the logistics of opening a new The Capital Grille location in Nashville, Tennessee, and has been actively searching for a suitable location for its intended new restaurant since that time.

19.     Upon opening a The Capital Grille in Nashville, Darden and HHN would be in direct competition with one another.

## III.     Defendant and Its Unlawful Acts

20.     Upon information and belief, on or about 1995, Defendant HHN began using the "CAPITOL GRILLE" name and mark in connection with the operation of its restaurant located

at 231 6th Avenue N. Nashville, Tennessee 37219. Prior to its use of the "CAPITOL GRILLE" name and mark, HHN's restaurant operated under the name and mark "GRILLE ROOM."

21.     Upon information and belief, prior to April 23, 1990, HHN did not own any restaurants that operated under a name or mark consisting in whole or in part of the phrase "THE CAPITAL GRILLE" and was not otherwise known by or using such a name.

22.     Upon information and belief, HHN's use of the CAPITOL GRILLE name and marks occurred after CG Holdings' predecessor adopted it's the CAPITAL GRILLE Marks and federally registered its THE CAPITAL GRILLE & Design Mark.

23.     HHN's CAPITOL GRILLE name and marks are similar to CG Holdings' THE CAPITAL GRILLE Marks in sight, sound, connotation, and commercial impression.

24.     Upon information and belief, in light of the heavy promotion and advertising of CG Holdings' and its predecessors of The Capital Grille restaurants, HHN had actual knowledge of Darden's rights in THE CAPITAL GRILLE Marks.

25.     Prior to its use of the CAPITOL GRILLE name and marks, HHN also had constructive knowledge of Darden's federally registered THE CAPITAL GRILLE & Design Mark pursuant to 15 U.S.C. § 1072.

26.     Upon information and belief, HHN's unauthorized use of the CAPITOL GRILLE name and marks is an attempt to trade on the goodwill of CG Holdings' THE CAPITAL GRILLE Marks, and to falsely imply that HHN is affiliated or associated with, or sponsored or endorsed by, Darden.

27.     Upon information and belief, HHN has engaged in and is continuing to engage in the above misconduct willfully and deliberately, and with an intent to misappropriate CG Holdings' goodwill in its THE CAPITAL GRILLE Marks.

28.     HHN's activities have caused and will continue to cause irreparable damage to the business and goodwill of CG Holdings unless permanently restrained by this Court.

## COUNT I

### Federal Service Mark Infringement (15 U.S.C. § 1114)

29.     CG Holdings hereby incorporates by reference and realleges each and every allegation in the paragraphs above as if fully set forth herein.

30.     CG Holdings owns federal Registration No. 1,644,015 for THE CAPITAL GRILLE & Design Mark.  That mark serves to identify to the public certain goods and services that are offered by Darden alone, and the goods and services offered in connection with those marks are regarded by the public as being offered by, approved by, authorized by, associated with, or affiliated with Darden.

31.     HHN uses CG Holdings' THE CAPITAL GRILLE & Design Mark in commerce in connection with the sale, offering for sale, or advertising of its own services without CG Holdings' authorization, in a manner that is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of HHN's services.

32.     HHN's use of the CAPITOL GRILLE name and marks infringes CG Holdings' exclusive rights in its federally registered trademarks in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

33.     HHN's aforementioned conduct has enabled HHN to earn profits to which HHN is not in law, equity, or good conscience entitled, and has unjustly enriched HHN, all to HHN's profit and CG Holdings' damage and detriment.

34.     HHN's adoption and use of the CAPITOL GRILLE name and marks was willful and intended for the purpose of trading on Darden's reputation and goodwill.

35.     HHN's aforementioned conduct has caused and will continue to cause actual and irreparable injury to CG Holdings and the goodwill associated with THE CAPITAL GRILLE & Design Mark for which CG Holdings has no adequate remedy at law.

36.     CG Holdings is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

37.     As a result of HHN's willful and intentional misconduct, CG Holdings is also entitled to recover its costs and reasonable attorneys' fees, in an amount to be determined.

<u>**COUNT II**</u>

**Federal Unfair Competition and False Designation**
**of Origin (15 U.S.C. § 1125)**

38.     CG Holdings hereby incorporates by reference and realleges each and every allegation in the paragraphs above as if fully set forth herein.

39.     By virtue of its prior adoption and use in interstate commerce of THE CAPITAL GRILLE Marks, CG Holdings and its affiliate Darden have acquired, established, and own common law trademark and service mark rights in THE CAPITAL GRILLE Marks, which serve to identify to the public certain goods and services that are offered by Darden alone, and the goods and services offered in connection with the marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Darden.

40.     HHN has adopted a name and marks confusingly similar to THE CAPITAL GRILLE Marks, and HHN uses its name and marks in commerce in connection with the sale, offering for sale, or advertising of its restaurant services, without Darden's authorization, for the calculated purpose of passing off its restaurant services as those of Darden, trading upon Darden's significant goodwill and reputation, and of deceiving the public as to the true nature

7

and characteristics of HHN's services. HHN's conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of HHN's services.

41. HHN's aforementioned conduct constitutes unfair competition and false designation of origin in violation Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

42. HHN's aforementioned conduct has enabled HHN to earn profits to which HHN is not in law, equity, or good conscience entitled, and has unjustly enriched HHN, all to HHN's profit and CG Holdings' damage and detriment.

43. HHN's adoption and use of the CAPITOL GRILLE name and marks was willful and intended for the purpose of trading on Darden's reputation and goodwill.

44. HHN's aforementioned conduct has caused and will continue to cause actual and irreparable injury to CG Holdings and the goodwill associated with THE CAPITAL GRILLE Marks for which CG Holdings has no adequate remedy at law.

45. CG Holdings is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

46. As a result of HHN's willful and intentional misconduct, CG Holdings is also entitled to recover its costs and reasonable attorneys' fees, in an amount to be determined.

**COUNT III**

**Common Law Trademark Infringement**

47. CG Holdings hereby incorporates by reference and realleges each and every allegation in the paragraphs above as if fully set forth herein.

48. HHN's actions, described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of HHN with Darden, or

as to the origin, sponsorship, or approval of HHN, its products, and its commercial activities by or with Darden such that HHN's acts constitute infringement of CG Holdings' rights in its THE CAPITAL GRILLE Marks.

49.     HHN's acts, as alleged herein, have caused irreparable injury and damage to CG Holdings for which CG Holdings has no adequate remedy at law.

50.     CG Holdings is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

51.     As a result of HHN's willful and intentional misconduct, CG Holdings is also entitled to recover its costs and reasonable attorneys' fees, in an amount to be determined.

**COUNT IV**

**Common Law Unfair Competition**

52.     CG Holdings hereby incorporates by reference and realleges each and every allegation in the paragraphs above as if fully set forth herein.

53.     HHN's actions, described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of HHN with Darden, or as to the origin, sponsorship, or approval of HHN, its products, and its commercial activities by or with Darden such that HHN's acts constitute unfair competition under Tennessee common law.

54.     HHN's acts, as alleged herein, have caused irreparable injury and damage to CG Holdings for which CG Holdings has no adequate remedy at law.

55.     CG Holdings is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

56.     As a result of HHN's willful and intentional misconduct, CG Holdings is also entitled to recover its costs and reasonable attorneys' fees, in an amount to be determined.

9

## COUNT V

**Unfair or Deceptive Trade Practices (TENN. CODE ANN. § 47-18-104)**

57.     CG Holdings hereby incorporates by reference and realleges each and every allegation in the paragraphs above as if fully set forth herein.

58.     By virtue of its prior adoption and use in interstate commerce of THE CAPITAL GRILLE Marks, CG Holdings has acquired, established, and owns common law trademark and service mark rights in THE CAPITAL GRILLE Marks, which serve to identify to the public services that are offered by Darden alone, and the services offered in connection with the marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or connected with Darden.

59.     HHN has adopted a name and marks that are confusingly similar to CG Holdings' THE CAPITAL GRILLE Marks, and HHN is using its name and marks in commerce in connection with the sale, offering for sale, or advertising of its restaurant services, without CG Holdings' authorization, for the calculated purpose of passing off its restaurant services as those of Darden, trading upon Darden's significant goodwill and reputation, and deceiving the public as to the true nature and characteristics of HHN's services. HHN's conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, sponsorship, endorsement, connection, association, approval of, or affiliation of HHN's services.

60.     HHN's aforementioned conduct constitutes unfair or deceptive acts in violation of TENN. CODE ANN. § 47-18-104.

61.     HHN's adoption and use of CG Holdings' THE CAPITOL GRILLE name and marks was willful and intended for the purpose of trading on Darden's reputation and goodwill.

10

62.     HHN's conduct has caused and will continue to cause actual and irreparable injury to CG Holdings and to the goodwill associated with THE CAPITAL GRILLE Marks, for which CG Holdings has no adequate remedy at law.

63.     HHN's aforementioned conduct has enabled HHN to earn profits to which it is not in law or equity entitled, and has unjustly enriched HHN, all to HHN's profit and CG Holdings' damage and detriment.

64.     CG Holdings is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

65.     CG Holdings is further entitled to recover its costs and reasonable attorneys' fees, in an amount to be determined, pursuant to TENN. CODE ANN. § 47-18-109.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of HHN's unlawful conduct as alleged in Counts I – V of this Complaint, CG Holdings respectfully prays that:

A.     The Court enter judgment that HHN, as a result of its unauthorized copying and use of THE CAPITAL GRILLE Marks, has:

1.     Infringed CG Holdings' rights in THE CAPITAL GRILLE & Design Mark in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1);

2.     Engaged in unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a);

3.     Infringed CG Holdings' rights in THE CAPITAL GRILLE Marks in violation of the common law of Tennessee;

4.     Engaged in unfair competition in violation of the common law of Tennessee; and

11

5. Engaged in unfair and deceptive acts in violation of Tenn. Code Ann. § 47-18-104.

B. The Court enter a permanent injunction enjoining HHN and each of its members, officers, directors, agents, employees, and all those persons in concert or participation with each of them, from:

1. Using or authorizing the use of the CAPITOL GRILLE name and mark, or any reproduction, counterfeit, copy, or colorable imitation thereof, in any form, or in any manner, or otherwise infringing THE CAPITAL GRILLE Marks;

2. Registering or using, or authorizing others to register or use, the CAPITOL GRILLE or any confusingly similar variations thereof in a domain name;

3. Passing off, or inducing or enabling others to sell or pass off any goods or services that are not authorized by CG Holdings for goods or services sponsored or endorsed by, associated or affiliated with CG Holdings;

4. Otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of Darden in any manner;

5. Otherwise falsely representing themselves as being connected with, sponsored by, associated with, or connected with Darden; and

6. Otherwise infringing the distinctive quality of THE CAPITAL GRILLE Marks.

C. Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, HHN be directed to deliver to Darden for destruction all advertising and promotional materials, signs, business cards, and all other materials which bear the CAPITOL GRILLE name or mark in any form, and all plates, molds, matrices, and other means of making or duplicating the same;

D.    Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117(a) and

TENN. CODE ANN. § 47-18-109(e), HHN be required to pay CG Holdings both the costs of this

action and the reasonable attorneys' fees CG Holdings has incurred in connection with this

action; and

E.    The Court grant CG Holdings such other and further relief as the Court deems just

and proper.

Respectfully submitted,

/s/ Erin Palmer Polly
Erin Palmer Polly (#22221)
erin.polly@butlersnow.com
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 Third Avenue, South, Suite 1600
Nashville, TN 37201
(615) 651-6700
(615) 651-6701

Robert L. Lee (PHV To Be Filed)
bob.lee@alston.com
Holly Hawkins Saporito (PHV To Be Filed)
holly.saporito@alston.com
ALSTON & BIRD LLP
1201 W. Peachtree Street
Suite 4900
Atlanta, GA 30309
(404) 881-7000
(404) 881-7777

*Attorneys for Plaintiff Capital Grille Holdings, Inc.*

48391786.v1

13