## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### Nashville Division

| | |
|---|---|
| CAPITAL GRILLE HOLDINGS, INC., ) | Case No. 3:19-cv-00576 |
| Plaintiff, ) | Judge Eli J. Richardson |
| v. ) | Magistrate Judge Joe Brown |
| HISTORIC HOTELS OF NASHVILLE, ) LLC, ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Historic Hotels of Nashville, LLC ("Hermitage Hotel" or "the hotel") has been operating the Capitol Grille restaurant in Nashville for nearly 25 years. Plaintiff Capital Grille Holdings, Inc. has known about the Capitol Grille for years, and Plaintiff is not even operating in Nashville. Plaintiff failed to plead facts and state claims sufficient to support the allegations against Defendant. Additionally, assuming *arguendo* that Plaintiff has plead enough facts to support its claims, Plaintiff's case has not ripened to a justiciable case or controversy. Accordingly, the Complaint must be dismissed.

### I. Background

The Hermitage Hotel has operated the restaurant in the lower floor of its building since the hotel opened in 1910. The restaurant has had several names over the past century, but it has operated as the Capitol Grille since at least as early as 1995. The current owner of the hotel purchased the property in 2000, suggesting a reliance on Plaintiff's historical failure to assert its claimed rights against the hotel's restaurant. The Hermitage Hotel has undertaken substantial marketing and promotional efforts since 2000 to promote the Capitol Grille's brand. The hotel's

1

marketing of the restaurant extends even to promotional materials for travelers as far afield as Japan. From 1995 to the present, Defendant has served the Nashville business and political community without concern of infringement, and only received the first hint of an allegation from Plaintiff in 2018.

In 1991, Plaintiff (through its predecessor in interest) registered a restaurant service mark for a design that enclosed the unconventional spelling of "THE CAPITAL G-R-I-L-L-E." (Doc. No. 1-1, pg. 33.) At this time Plaintiff (through its predecessor) likely only operated one restaurant, in Rhode Island. Due to the nature of the mark, a reasonable search by a layperson would not have uncovered this registration in 1991 (or 1995 or even today). While Plaintiff used that mark, it did not register the word mark for THE CAPITAL GRILLE until 2005. In the meantime, in 1996, one year after the Hermitage Hotel opened THE CAPITOL GRILLE, Plaintiff had opened only three locations, none of which were in the geographic area of the Hermitage Hotel – a material fact Plaintiff omitted. Instead Plaintiff was a three-restaurant chain with locations in Providence, Rhode Island; Boston, Massachusetts; and Washington, D.C.

Upon information and belief, Darden acquired the previous owner of The Capital Grille for $1.19 billion in 2007; Darden likely became aware of the Hermitage Hotel's restaurant (as well as other restaurants whose names included variations of "Capitol Grille" or "Capital Grille") during the due diligence phase of this acquisition. Moreover, Plaintiff (and its predecessor) concurrently operated other restaurant chains in the Nashville area, including LongHorn Steakhouse, that likely put Plaintiff on notice of the Hermitage Hotel's use of THE CAPITOL GRILLE many years ago.

In approximately 2012, Darden representatives contacted the former general manager of the Hermitage Hotel about a possible combined venture, including potentially operating the

Capitol Grille as a "Capital Grille" franchise location. Nothing materialized between Darden and the Hermitage Hotel after these talks, and Plaintiff took no action to assert any trademark rights.

In 2018 Darden re-initiated discussions about making an arrangement with the Capitol Grille and for the first time asserted that the Hermitage Hotel might be infringing Plaintiff's trademark rights. Plaintiff's Complaint makes oblique reference to the fact that it has been aware of the Hermitage Hotel's Capitol Grille restaurant for years, and has approached, abandoned, and reconsidered the Nashville market for years. The Complaint stated, "In 2016, Darden re-initiated researching the logistics of opening a new The Capital Grille location in Nashville, Tennessee, and has been actively searching for a suitable location for its intended new restaurant since that time." (Doc. No. 1, ¶ 18) (emphasis added).

Darden has made no allegation that it has imminent plans to begin operating in the Nashville area and has not alleged that the Hermitage Hotel's CAPITOL GRILLE restaurant is likely to cause confusion with Capital Grille locations in other cities. Darden has not explained why Defendant's use of CAPITOL GRILLE is improper while "The Capitol Grille" in Austin, Texas is allowed to continue its operations, even though Plaintiff operates a CAPITAL GRILLE location in that city. Plaintiff has not explained why the hundreds of variations of "Capital Grille" or "Capitol Grille" do not infringe. Darden has slept on its rights for at least twelve years and still has no imminent plans to open in this city.

## II. <u>Legal Standard</u>

Courts may dismiss a pleading where a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mawdsley v. Kirkland's, Inc*., No. 3:13-CV-0462, 2013 WL 5754947, at *1 (M.D. Tenn. Oct. 23, 2013) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Mawdsley*, 2013 WL 5754947, at *1. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Legal conclusions couched as factual allegations are not entitled to a presumption of truth; nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

A claim is subject to dismissal if the Court lacks subject-matter jurisdiction over the matter. FED. R. CIV. P. 12(b)(1). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *River City Capital, L.P. v. Bd. of Cty. Comm'rs, Clermont Cty., Ohio*, 491 F.3d 301, 309 (6th Cir. 2007) (internal quotation omitted). "It is the plaintiff's burden, however, to prove that this court has jurisdiction over his claim, . . . and that the complaint contains sufficient factual matter to state a claim for relief that is plausible on its face . . . ." *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014).

All allegations regarding the Hermitage Hotel in Plaintiff's Complaint are conclusory, fail to state a claim upon which relief may be granted, and are not ripe.

## **ARGUMENT**

Plaintiff has failed to state a claim with regard to the two federal registrations acquired after Defendant began establishing its own trademark rights. Plaintiff also has failed to plead facts sufficient to sustain its claim with regard to its first registration. Additionally, Plaintiff's claims do not rise to the level of a live case or controversy. Plaintiff's Complaint must be dismissed.

4

### III. Plaintiff Failed to Allege Facts and State Claims Sufficient to Support Infringement.

In trademark law, timing is everything. Plaintiff alleges that its predecessor began using the common law trademark THE CAPITAL GRILLE in 1990, it registered its stylized design mark[1] in 1991, and the Hermitage Hotel began using THE CAPITOL GRILLE in 1995. (Doc. No. 1, ¶¶ 10, 13.a., 15, 20.) Plaintiff also alleges it registered its word mark THE CAPITAL GRILLE[2] in 2005 and that it registered a second stylized design mark[3] in 2010. (Doc. No. 1, ¶¶ 13.b., 13.c.)

### A. Count I: Plaintiff concedes that the Hermitage Hotel has superior common law rights in this geographic area at least regarding Plaintiff's Word Mark and Plaintiff's Second Design Mark.

Taking the above allegations as true, Plaintiff's claims for trademark infringement under 15 U.S.C. § 1114 in Count I should be dismissed.

#### i. Plaintiff improperly conflated its junior registered marks into its Lanham Act claim of infringement against a senior common law mark.

Plaintiff cannot assert the Hermitage Hotel infringed Plaintiff's Word Mark and Plaintiff's Second Design Mark when the hotel began using CAPITOL GRILLE 10 years before Plaintiff registered those marks. Plaintiff claims in Count I that "HHN's use of the CAPITOL GRILLE name and marks infringes CG Holdings' exclusive rights in its federally registered **trademarks** […] ." (Doc. No. 1, ¶ 32) (emphasis added). To the extent this count alleges that Defendant's use of its CAPITOL GRILLE mark infringes Plaintiff's Word Mark or Plaintiff's Second Design

---

[1] U.S. Registration No. 1,644,015 for the illustration/drawing that includes the words THE CAPITAL G · R · I · L · L · E and disclaims the word GRILLE ("Plaintiff's First Design Mark").
[2] U.S. Registration No. 3,032,066 for the word mark THE CAPITAL GRILLE and disclaims the word GRILLE ("Plaintiff's Word Mark").
[3] U.S. Registration No. 3,739,935 for the illustration/drawing that includes the words THE CAPITAL G · R · I · L · L · E and disclaims the word GRILLE ("Plaintiff's Second Design Mark").

5

Mark, these aspects of this count should fail on the face of the Complaint. As described *supra*, Plaintiff concedes that the Hermitage Hotel began using the CAPITOL GRILLE mark about 10 years before Plaintiff received federal registration for Plaintiff's Word Mark and about 15 years before Plaintiff received federal registration for Plaintiff's Second Design Mark. (Doc. No. 1, ¶¶ 10, 13.a., 13.b., 13.c., 15, 20.)

The territorial rights of a holder of a federally registered trademark are always subject to any superior common law rights acquired by another party through actual use prior to the registrant's constructive use. *Allard Enterprises, Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 572 (6th Cir. 2001); 15 U.S.C. § 1057(b). While registration serves as prima facie evidence of the validity of a registered mark, "[f]ederal registration of a trademark or service mark cannot create rights and priority over others who have previously used the mark in commerce." *Allard*, 249 F.3d at 572; 15 U.S.C. § 1115(a). Prior to registration, "[t]he first to use a mark in the sale of goods or services is the "senior user" of the mark and gains common law rights to the mark **in the geographic area** in which the mark is used." *Allard*, 249 F.3d at 572 (emphasis added). "Use," in this context, has a special meaning: "A party establishes a common law right to a trademark only by demonstrating that its use of the mark was deliberate and continuous, not sporadic, casual or transitory." *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1054–55 (6th Cir. 1999) (internal quotation omitted).

In other words, absent federal trademark registration, the first party to use a mark in the geographic area begins to accrue common law rights in that mark in the area where it is used; however, that party's right to enforce the common law mark does not extend beyond the geographic area of use of that mark. Federal trademark registration establishes priority for the party registering the mark, but only for the <u>registered</u> mark. Then, whether the senior registered mark

6

prohibits the junior common law mark is a question of trademark infringement resolved by the likelihood-of-confusion analysis.

Plaintiff admits that it is not using any of its trademarks in this geographic area. (Doc. No. 1, ¶¶ 18-19.) Plaintiff has not alleged any facts suggesting that it established or promoted its common law THE CAPITAL GRILLE word mark in this geographic area or nationally prior to Defendant's adoption of the CAPITOL GRILLE mark.[4] Since the Hermitage Hotel began using its CAPITOL GRILLE mark in this geographic area 10 years before Plaintiff registered Plaintiff's Word Mark, Defendant has senior rights to use THE CAPITOL GRILLE compared to Plaintiff's junior rights to use that mark in this geographic area, assuming the marks are likely to be confused at all. (*Compare* Doc. No. 1, ¶ 20 *with* Doc. No. 1, ¶¶ 13.b., 13.c.) Similarly, to the extent the Hermitage Hotel's use of CAPITOL GRILLE would infringe Plaintiff's Second Design Mark, since the hotel began using its CAPITOL GRILLE mark in this geographic area before Plaintiff registered Plaintiff's Second Design Mark, the Hermitage Hotel has senior rights to use THE CAPITOL GRILLE compared to Plaintiff's junior rights in Plaintiff's Second Design Mark in this geographic area.

While generally the "determination of prior use of a service mark presents a mixed question of law and fact," in the case at bar, Plaintiff has alleged all of the facts to resolve the question on the law without need for further factual exploration. *Allard*, 146 F.3d at 355-56. Accordingly, at the very least, all allegations that the Hermitage Hotel infringes Plaintiff's Word Mark or Plaintiff's Second Design Mark should be dismissed. Defendant's common law rights in the

---

[4] Plaintiff has not done so because no such facts exist. As Defendant could prove at a later stage of this case, in 1996, one year *after* the Hermitage Hotel began using THE CAPITOL GRILLE, Plaintiff had only opened three locations, all of which were in the northeast and none in Defendant's geographic area.

7

CAPITOL GRILLE mark in this geographic area are senior to any rights Plaintiff has in Plaintiff's Word Mark or Plaintiff's Second Design Mark.[5] Taking Plaintiff's allegations on the face of the pleadings, the only mark Plaintiff can assert is Plaintiff's First Design Mark.

> ii. <u>Plaintiff misstates its own allegations.</u>

Plaintiff's Count I contains two fatal errors contributing to Plaintiff's failure to state a claim. First, Plaintiff appears to conflate the Hermitage Hotel's use of a word mark with Plaintiff's registration of a design mark. Second, Plaintiff alleges that Defendant copied Plaintiff's First Design Mark, when all of Plaintiff's prior allegations assert only that Defendant used a "similar" mark but not the specific Plaintiff's First Design Mark.

First, throughout the Complaint, Plaintiff alleges that Defendant used the "CAPITOL GRILLE name and mark" or the "CAPITOL GRILLE name and marks." (*See, e.g.,* Doc. No. 1, ¶¶ 20, 22, 23, 25, 26, 32, 34, 43, 61, B.1.) But Plaintiff never defines what is meant by "CAPITOL GRILLE name and marks." Plaintiff does not identify a design mark that supposedly was used by Defendant or that could conceivably be confused with Plaintiff's First Design Mark. Plaintiff does not allege any facts supporting an allegation that Defendant used the specific Plaintiff's First Design Mark.

Plaintiff is aware that its only federal trademark registration that is senior to Defendant's common law rights in the word mark THE CAPITOL GRILLE is a design mark that incorporates words. But Plaintiff's allegations suggest that the Hermitage Hotel used the word mark THE CAPITOL GRILLE with a design mark, all in a manner confusingly similar to Plaintiff's First Design Mark. Plaintiff knows the hotel never did this, so Plaintiff skirts the issue by constantly

---

[5] Once this conclusion has been reached, the inquiry turns to Plaintiff's allegation of the hotel's infringement of Plaintiff's First Design Mark. This question is resolved by application of the likelihood-of-confusion analysis between Plaintiff's First Design Mark and the Hermitage Hotel's the CAPITOL GRILLE word mark.

alleging that Defendant used the "CAPITOL GRILLE name and marks," without ever defining the meaning of "CAPITOL GRILLE name and marks."

This allegation is so vague that it suggests that Defendant copied Plaintiff's First Design Mark or that Defendant otherwise infringed Plaintiff's First Design Mark, without actually asserting the crucial fact of what mark Defendant actually used. This vagueness does not constitute "sufficient factual matter" to state a claim that is plausible because Defendant is not even informed of the "misconduct" it is liable for.

Second, Plaintiff's Count I seems to allege that the Hermitage Hotel's use of the "CAPITOL GRILLE name and marks" infringed Plaintiff's First Design Mark, but instead Plaintiff actually pleads that Defendant "**uses CG Holdings' THE CAPITAL GRILLE & Design Mark** in commerce in connection with the sale, offering for sale, or advertising of its own services without CG Holdings' authorization, in a manner that is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of HHN's services." (Doc. No. 1, ¶ 31) (emphasis added). Then, Plaintiff retreats to alleging that the Hermitage Hotel's use of the "**CAPITOL GRILLE name and marks infringes**" Plaintiff's rights. (Doc. No. 1, ¶ 32) (emphasis added). Prior to the allegations in this claim, all of Plaintiff's factual allegations suggest only that Defendant used the CAPITOL GRILLE mark (or the undefined "CAPITOL GRILLE name and marks") in a manner likely to cause confusion with Plaintiff's First Design Mark, but Plaintiff had not made a factual allegation that Defendant actually copied the design of Plaintiff's First Design Mark. (*See, e.g.,* Doc. No. 1, ¶¶ 20, 23, 26.) Plaintiff's claim for trademark infringement is vague and inconsistent – Plaintiff has not stated a claim because it has not stated plainly which mark the Hermitage Hotel used improperly, and it has not stated how the Hermitage Hotel actually used the mark improperly.

9

Plaintiff argues that the Hermitage Hotel has actually copied Plaintiff's mark, but never asserts specific facts to support the allegation. With these incongruent allegations, and by failing to define what mark the hotel used or whether that mark is the Hermitage Hotel's CAPITOL GRILLE mark or Plaintiff's First Design Mark, Plaintiff has asserted mere conclusory allegations of infringement without specific facts. These conclusions are not supported by the facts plead in the four corners of the Complaint, so Plaintiff's Count I should be dismissed.

### B. Count II: Claims of Unfair Competition and False Designation as to Plaintiff's Word Mark and Plaintiff's Second Design Mark should fail as a matter of law.

For the same reason as set forth in Sec. III.A.i., Plaintiff's claim under 15 U.S.C. § 1125 that Defendant's use of the CAPITOL GRILLE mark constitutes unfair competition against Plaintiff's Word Mark or Plaintiff's Second Design Mark should be dismissed. Assuming *arguendo* that Plaintiff's Word Mark and the Hermitage Hotel's CAPITOL GRILLE mark are confusingly similar, the Hermitage Hotel has superior rights in this geographic area to Plaintiff's Word Mark and Plaintiff's Second Design Mark. Plaintiff has not alleged any facts to suggest that Plaintiff's Word Mark or Plaintiff's Second Design Mark were used in this geographic area sufficient to develop the common law rights that would make these marks senior to the Hermitage Hotel's CAPITOL GRILLE mark. In contrast, Plaintiff does allege that the hotel began using its mark in this area at least a decade before either of those marks was registered. (*Compare* Doc. No. 1, ¶ 20 *with* Doc. No. 1, ¶¶ 13.b., 13.c.) This claim should be dismissed.

### C. Count IV: Claim for Common Law Unfair Competition should be dismissed.

In Tennessee, unfair competition exists only in the presence of an underlying tort. *See B & L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 681 (Tenn. Ct. App. 1995) ("Unfair competition is a generic name for several related torts involving improper interference with business prospects."). In the trademark infringement context, Tennessee law requires the plaintiff

10

to plead actual confusion resulting from unfair competition, which differs from federal law's lower "likelihood of confusion" standard. *Sovereign Order of Saint John of Jerusalem, Inc. v. Grady*, 119 F.3d 1236, 1243 (6th Cir. 1997), *as amended on reh'g in part* (Aug. 28, 1997) ("Tennessee's law of unfair competition differs significantly from the federal law of unfair competition in that the former requires a showing of 'actual confusion,' whereas the latter requires only a showing of a 'likelihood of confusion.'")

Plaintiff has not pleaded a single instance of actual confusion, and Plaintiff has not pleaded a single fact establishing that consumers have been confused. Therefore, Plaintiff's "Count IV: Common Law Unfair Competition" argument fails to state a claim upon which relief may be granted.

### IV. This Court Lacks Subject-Matter Jurisdiction Because Plaintiff's Claims Are Not Ripe.

Plaintiff acknowledges on the face of the Complaint that the case is not ripe for adjudication, so the case should be dismissed. A "'claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Kiser*, 765 F.3d at 606 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Here, Plaintiff acknowledges that it is not competing directly with the Hermitage Hotel, that Defendant has been using its CAPITOL GRILLE mark since 1995, and that Plaintiff does not even have concrete plans to operate in the geographic area:

> 18. In 2016, Darden re-initiated researching the logistics of opening a new The Capital Grille location in Nashville, Tennessee, and has been actively searching for a suitable location for its intended new restaurant since that time.
> 19. Upon opening a The Capital Grille in Nashville, Darden and HHN would be in direct competition with one another.
> …
> 20. Upon information and belief, on or about 1995, Defendant HHN began using the "CAPITOL GRILLE" name and mark in connection with the operation of its restaurant located at 231 6th Avenue N. Nashville, Tennessee 37219. Prior to its

11

> use of the "CAPITOL GRILLE" name and mark, HHN's restaurant operated under the name and mark "GRILLE ROOM."

(Doc. No. 1, ¶¶ 18-20.) Thus, Plaintiff fails to allege *any* of the three elements of ripeness in the Complaint because it has not shown: (1) that it suffered an "injury in fact," (2) that there is a "causal connection between the injury and the conduct complained of," and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Kiser*, 765 F.3d at 607.

First, Plaintiff fails to explain that it has suffered an "injury in fact." Plaintiff asserts that the Hermitage Hotel has been operating its CAPITOL GRILLE restaurant since 1995. (Doc. No. 1, ¶ 20.) As alleged in the Complaint, Plaintiff only acquired federal registration of the word mark THE CAPITAL GRILLE at least 10 years after Defendant began operating in Nashville. (Doc. No. 1, ¶ 13.b.) And while Plaintiff's First Design Mark was registered in 1991, Plaintiff did not allege any facts to suggest that the hotel was causing confusion with other Capital Grille locations outside of the Nashville geographic area. Plaintiff has failed to explain how the Hermitage Hotel's use of THE CAPITOL GRILLE over the course of 24 years, including for 10 years prior to Plaintiff's registration of Plaintiff's Word Mark, causes an injury in fact to Plaintiff.

Plaintiff fails to allege facts to show that it suffered an "injury in fact" because it has not alleged that its "legally protected interest" was invaded, causing an injury that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Kiser*, 765 F.3d at 607. Other than basic, cursory allegations that the hotel's operation of its restaurant has "caused and will continue to cause" damage and other bare recitals of legal elements, Plaintiff has done nothing to assert that it has been injured by Defendant's 24 years of existence.

The closest Plaintiff comes is to assert that it "would be in direct competition" with the Hermitage Hotel if Plaintiff were to open its own restaurant in Nashville. (Doc. No. 1, ¶ 20.)

12

Plaintiff's assertion that it "would be in direct competition" with the hotel contains within it the implicit admission that the parties are not currently competing with each other. (Doc. No. 1, ¶ 19.) Without such competition, there is no connection between the injury alleged and the conduct complained of. Plaintiff "re-initiated researching the logistics" of opening a new location and "has been actively searching for a suitable location for its intended new restaurant" since 2016. (Doc. No. 1, ¶ 18.) These allegations expose the prematurity of Plaintiff's case: Plaintiff has not alleged imminent or even specific plans to open a location in Nashville. Instead, Plaintiff is asking the Court to clear out a potential competitor on the prospective chance that Plaintiff will open a restaurant here. Far from establishing the injury to Plaintiff, these allegations actually show that Plaintiff's claim has not ripened because it has not been injured.

Second, Plaintiff fails to show that there is a "causal connection between the injury and the conduct complained of." Plaintiff has failed to make this connection because it has not alleged an actual injury. And Plaintiff has not alleged facts showing that the Hermitage Hotel's 24 years of operation caused any such injury.

Hypothetically, Plaintiff might have saved its failed allegation by claiming that it only recently learned of the Hermitage Hotel's use and thus acted promptly to enforce its rights. Plaintiff likely did not do so because it has known about Defendant's CAPITOL GRILLE for many years. (*See* Doc. No. 1, ¶ 18) (alleging that "In 2016, Darden re-initiated researching the logistics of opening a new The Capital Grille location in Nashville, Tennessee" – suggesting that Plaintiff had approached the market sometime before 2016). In any event, Plaintiff has shown no "causal connection" that would connect an undefined injury with the hotel's 24 years of unobjectionable operation of its CAPITOL GRILLE restaurant.

13

Case 3:19-cv-00576    Document 22    Filed 08/01/19    Page 13 of 16 PageID #: 124

Third, while Plaintiff alleged that it "would be in competition with" the Hermitage Hotel if it opens a restaurant in Nashville, Plaintiff has not alleged that the hotel's CAPITOL GRILLE restaurant is preventing Plaintiff from opening a location in Nashville. And even if it Plaintiff does open a location in Nashville, Plaintiff's allegation of "direct competition" does not equate to an actual injury. Thus, Plaintiff has not alleged facts to show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Without more specificity on the harm Plaintiff wishes to avoid and how the Court's decision would mitigate that harm, it has no standing to bring its unripe claim. Plaintiff should allege some injury in fact before asking the Court to "redress" its baseless infringement claim by eliminating a competitor that has operated unchallenged for almost 25 years.

Courts should not provide advisory opinions determining potential infringement of a trademark before an actual controversy has arisen. Without more specificity on Plaintiff's actual injury, the connection between Defendant's operation and Plaintiff's injury, and how this case would redress that injury, Plaintiff has no standing to bring its unripe claims.

## V. Conclusion

Plaintiff has not alleged with specificity what trademark the hotel has used or how the hotel used that mark. Plaintiff is attempting to assert federal trademark registrations that are junior to the Hermitage Hotel's senior common law rights. Plaintiff's claims are not ripe for relief because Plaintiff is seeking anticipatory relief from supposed infringement that has gone unchallenged for a quarter of a century. For the foregoing reasons, Plaintiff's Complaint must be dismissed.

Respectfully submitted,

/s/ Scott M. Douglass
Edward D. Lanquist, Jr. (TN BPR 13303)
Scott M. Douglass (TN BPR 31097)
Patterson Intellectual Property Law, P.C.

14

Suite 500, Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400
edl@iplawgroup.com
smd@iplawgroup.com

Blakeley D. Matthews (TN BPR 12168)
Paige I. Bernick (TN BPR 30071)
Cornelius & Collins, LLP
Suite 1500, 511 Union Street
P. O. Box 190695
Nashville, TN 37219-0695
615-244-1440
bdmatthews@cclawtn.com
pbernick@cclawtn.com

*Attorneys for Defendant Historic Hotels of Nashville, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was served via the Court's CM/ECF system, pursuant to LR5.02(c), on August 1, 2019, upon all counsel for Plaintiff, including:

Erin Palmer Polly
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South, Suite 1600
Nashville, TN 37201
erin.polly@butlersnow.com

Robert L. Lee
Holly Hawkins Saporito
Alston & Bird LLP
1201 W. Peachtree Street, Suite 4900
Atlanta, GA 30309
bob.lee@alston.com
holly.saporito@alston.com

Lauren Refinetti Timmons
Alston & Bird LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
lauren.timmons@alston.com

/s/ Scott M. Douglass
Scott M. Douglass